1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Richard S. Busch (SBN 319881)
*E-Mail: rbusch@kingballow.com*
KING & BALLOW
1999 Avenue of the Stars, Suite 1100
Century City, CA 90067
Telephone: (424) 253-1255
Facsimile: (888) 688-0482
*Attorneys for Plaintiff*

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ARTEM STOLIAROV p/k/a ARTY,
an individual,

                    PLAINTIFF,

vs.

MARSHMELLO CREATIVE, LLC, a
Delaware Limited Liability Company;
CHRISTOPHER COMSTOCK p/k/a
MARSHMELLO, an individual;
JOYTIME COLLECTIVE LLC, a
Delaware Limited Liability Company;
DANIEL CAMPBELL SMITH, an
individual; STEVEN MCCUTCHEON
p/k/a STEVE MAC, an individual;
MARSHMELLO MUSIC LLC, a
Delaware Limited Liability Company;
ROKSTONE MUSIC LIMITED, a
United Kingdom Private Limited
Company; WWKD LIMITED, a
United Kingdom Private Limited
Company; KOBALT MUSIC
PUBLISHING AMERICA, INC., a
Delaware Corporation; POLYGRAM
PUBLISHING, INC. d/b/a
UNIVERSAL POLYGRAM
INTERNATIONAL PUBLISHING, a
Delaware Corporation,

                    DEFENDANTS.

Case No.: 2:19-cv-3934-PSG (JPRx)

**Hon. Philip S. Gutierrez**
**Hon. Jean P. Rosenbluth**

**[DISCOVERY MATTER]**

**STIPULATED PROTECTIVE ORDER**

Am. Compl. Filed:   Aug. 9, 2019
Discovery Cutoff:     Jan. 13, 2021
Final Pretrial Conf.:  Apr. 19, 2021
Trial Date:            Apr. 27, 2021

0

Plaintiff Artem Stoliarov p/k/a Arty ("Plaintiff") and Defendants Marshmello Creative, LLC; the artist p/k/a Marshmello; Joytime Collective LLC; Marshmello Music LLC; Daniel Campbell Smith; Steven McCutcheon; Rokstone Music Limited; WWKD Limited; Polygram Publishing, Inc.; and Kobalt Music Publishing America, Inc. (collectively, "Defendants") hereby stipulate to the following Stipulated Protective Order ("Protective Order" or "Order") limiting the disclosure and use of certain discovered information, as set forth herein.

## 1.   GENERAL PROVISIONS

### 1.1.   PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose outside of this litigation may be warranted. Accordingly, to facilitate the exchange of information and documents that may be subject to confidentiality limitations on disclosure under federal laws, state laws, and/or privacy rights, the Parties hereby stipulate to, and petition the Court to enter, this Protective Order.

### 1.2   GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action may be warranted. Such confidential and proprietary materials and information may consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes,

1

court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### 1.3   ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a Party seeks to file under seal. The Parties' mere designation of Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY" does not — without

2

the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable — constitute good cause.

Further, if a Party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the Party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 2.  **DEFINITIONS**

2.1  <u>Action</u>: the above-captioned lawsuit.

2.2  <u>Challenging Party</u>: a Party that challenges the designation of information or items as confidential under this Order.

2.3  <u>Confidential Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3

2.4     Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff, employees, and Professional Vendors).

2.5     Designating Party: a Party or Non-Party that designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY" any information, documents, or items that it produces in disclosures or discovery in this Action.

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or discovery in this Action.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as a testifying expert witness and/or a non-testifying consultant in this Action.

2.8     In-House Counsel: attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10    Outside Counsel of Record: attorneys who are not employees of a Party to this Action, but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff, employees, and Professional Vendors.

2.11    Party: any named party to this Action, including all of its officers, directors, employees, representatives, retained experts and consultants, affiliates, Counsel, and Professional Vendors.

4

**STIPULATED PROTECTIVE ORDER**

2.12   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support or administrative services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium), and their employees and subcontractors.

2.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY" pursuant to this Protective Order. Protected Material is "CONFIDENTIAL" if it is information that is non-public, proprietary, commercially sensitive, and/or subject to third-party privacy or confidentiality restrictions. Protected Material is "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY" if it is information that qualifies as "CONFIDENTIAL," is extremely confidential and sensitive, and would, if disclosed to another party, create risk of competitive injury. The "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY" designation is intended to be used sparingly.

2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16   <u>Source Code Material</u>: Disclosure or Discovery Material that contains or substantively relates to computer source code and/or live data (that is, data as it exists residing in a database or databases) and documents containing source code or algorithms and data upon which the source code is based.

**3.   <u>SCOPE</u>**

The protections conferred by this Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3)

**STIPULATED PROTECTIVE ORDER**

any testimony, conversations, or presentations by Parties or their Counsel that might reveal or contain Protected Material.

This Order does not contemplate the production of Source Code Material. The Parties do not contemplate the production of Source Code Material in this Action. In the event a Party requests that another Party make available Source Code Material, the Requesting Party shall notify all Parties before engaging the Producing Party in negotiations regarding a separate source code protective order and all Parties will collectively negotiate a protective order governing the production of Source Code Material. No Party is required to produce or make available for inspection any Source Code Material until the Court has entered a separate protective order governing the treatment of Source Code Material.

**4.   USE OF PROTECTED MATERIAL AT TRIAL**

This Protective Order does not govern the use of Disclosure or Discovery Material at the trial of this Action. A Party seeking to maintain the confidentiality or nondisclosure of Disclosure or Discovery Material at trial must move for appropriate relief from the Court.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.1(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY" that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings) that the Producing Party affix, at a minimum, the legend

6

---

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY" (hereinafter the "CONFIDENTIALITY LEGEND") to each page that contains Protected Material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIALITY LEGEND to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for deposition testimony in which a witness identifies Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony. Alternatively, within thirty (30) days of receipt of the final certified transcript of any deposition, any Party or Non-Party may request that the original and all copies of the deposition transcript, in whole or in part, be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY." Until thirty (30) days after the receipt of the final certified transcript of any deposition, the transcript of that deposition will be subject to the protections granted to "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY" material. In the event a deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Order, substantially along the lines of "This videotape contains

7

confidential testimony used in this Action and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this Action or pursuant to written stipulation of the Parties."

(c) for information produced in some form other than documentary form and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIALITY LEGEND.

(d) for electronic information produced in native format or another format that does not permit designation of pages, that the Producing Party include the CONFIDENTIALITY LEGEND in the associated metadata, if possible, and on the placeholder page, or in the file name, if appropriate.

5.2    <u>Inadvertent Failures to Designate</u>. Inadvertent failure to timely designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY" shall not constitute a waiver of the Producing Party's ability to designate Confidential Information or Items as Protected Material at a later time. Any Party that inadvertently or unintentionally produces Confidential Information or Items without designating them as Protected Material may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Material and any documents, information, or material derived therefrom or based thereon. Upon correction of a designation, the Receiving Party must make reasonable efforts to ensure that the Protected Material is treated in accordance with the provisions of this Order.

5.3    <u>Changes to Designations</u>. A Party may, at any time, (1) designate any Disclosure or Discovery Material that was previously produced (by a Party or Non-

Party) without a confidentiality designation; (2) re-designate as "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY" any Disclosure or Discovery Material that was previously designated as "CONFIDENTIAL;" or (3) re-designate as "CONFIDENTIAL" any Disclosure or Discovery Material that was previously designated as "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY." Any designation or re-designation pursuant to this paragraph shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Disclosure or Discovery Material to be designated or re-designated. Any Party may object to the designation or re-designation of Disclosure or Discovery Material pursuant to the procedures set forth herein regarding the challenging of designations.

6. **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

6.1 <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 *et seq.* and any other local court rules applicable to this Action.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford to the Confidential Items or Material in question the level of protection to which they are entitled under the Producing Party's designation until the Court rules on the challenge.

9

**STIPULATED PROTECTIVE ORDER**

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only to prepare for, conduct, participate in the conduct of, prosecute, defend, or attempt to settle this Action, and not for any business or other purpose whatsoever. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of Protected Material Designated as "CONFIDENTIAL"</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to:

(a) the Receiving Party's Counsel, as well as employees, staff, and Professional Vendors of said Counsel to whom it is reasonably necessary to disclose the Protected Material;

(b) the Parties (including officers, directors, and employees acting as representatives of the Parties) to this lawsuit;

(c) the officers, directors, employees, and representatives (including In-House Counsel and in-house legal staff) of the Receiving Party to whom it is reasonably necessary to disclose the Protected Material;

(d) Experts retained by the Receiving Party in connection with the Action, as well as their employees and staff to whom it is reasonably necessary to disclose the Protected Material;

(e) the Court and its employees and staff;

(f) court reporters, videographers, and their employees and staff;

10

(g) professional jury or trial consultants, mock jurors, and Professional Vendors to whom it is reasonably necessary to disclose the Protected Material, provided that each such Non-Party signs the Acknowledgment and Agreement to Be Bound attached hereto as **Exhibit A**, thereby confirming his, her, or its agreement to be bound by this Protective Order;

(h) any person who, prior to the filing of this Action, had access to the Protected Material, or who is currently or was previously an officer, director, partner, member, employee, or agent of an entity that, prior to the filing of this Action, had access to the Protected Material;

(i) Non-Parties to whom the Receiving Party believes it is reasonably necessary to disclose the Protected Material, provided that each such Non-Party signs the Acknowledgment and Agreement to Be Bound attached hereto as **Exhibit A**, thereby confirming his, her, or its agreement to be bound by this Protective Order;

(j) actual trial or deposition witnesses in this Action during the course of questioning at the witnesses' deposition or at trial; and

(k) mediators, settlement conference judges, or referees assigned by the Court or retained by the Parties to mediate or referee the Action or any disputes between the Parties.

7.3  Disclosure of Protected Material Designated as "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY". Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material designated as "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY" only to:

(a) the Receiving Party's Counsel, as well as employees, staff, and Professional Vendors of said Counsel to whom it is reasonably necessary to disclose the Protected Material;

**STIPULATED PROTECTIVE ORDER**

(b) the In-House Counsel and in-house legal staff of the Receiving Party to whom it is reasonably necessary to disclose the Protected Material;

(c) Experts retained by the Receiving Party in connection with the Action, as well as their employees and staff to whom it is reasonably necessary to disclose the Protected Material;

(d) the Court and its employees and staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom it is reasonably necessary to disclose the Protected Material, provided that each such Non-Party signs the Acknowledgment and Agreement to Be Bound attached hereto as **Exhibit A**, thereby confirming his, her, or its agreement to be bound by this Protective Order; and

(f) mediators, settlement conference judges, or referees assigned by the Court or retained by the Parties to mediate or referee the Action or any disputes between the Parties.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED TO BE PRODUCED IN OTHER LITIGATIONS

If a Party is served with a subpoena or a court order issued in another litigation or legal proceeding that requires disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY," that Party must:

(a) promptly notify the Designating Party in writing of the subpoena or court order and provide the same unless prohibited by law;

(b) promptly notify the party who caused the subpoena or order to issue in the other litigation or legal proceeding in writing that some or all of the material covered by the subpoena or order is subject to this Protective Order, and provide a copy of this Protective Order; and

**STIPULATED PROTECTIVE ORDER**

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected or required to be produced.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY," before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its confidential material in the other litigation or legal proceeding. Nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to Confidential Information and Items produced in this Action by a Non-Party and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – COUNSEL'S EYES ONLY." Any Protected Material produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

13

(2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify the Designating Party of the unauthorized disclosures in writing, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order and request that such person or persons execute the Acknowledgment and Agreement to Be Bound attached hereto as **<u>Exhibit A</u>**.

## 11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHER-WISE PROTECTED MATERIAL</u>

(a) When a Producing Party gives notice to Receiving Parties that certain inadvertently produced Protected Material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal

14

Rule of Civil Procedure 26(b)(5)(B), as modified below (deletions struck through; additions underlined):

(b) <u>Information Produced</u>. If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the Party or Non-Party making the claim may notify any Party that received the information of the claim and the basis for it. After being notified, a Party must promptly return, ~~sequester,~~ or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve <u>and</u> <u>return or destroy</u> the information if the Party disclosed it before being notified; and <u>after return or destruction</u> may promptly present ~~the information~~ <u>any</u> <u>challenge to the privilege claim</u> to the Court under seal <u>pursuant to Local Rule</u> <u>37-1</u> for a determination of the claim. The Producing Party must preserve the information until the claim is resolved.

(c) Pursuant to Federal Rules of Evidence 502(d) and (e), the Parties have reached an agreement on the effect of disclosure in this Action of communications, documents, or information protected by the attorney-client privilege or attorney work-product doctrine, as follows: The Parties anticipate that significant volumes of documents and information will be produced in discovery in this action, and that there is a risk that, despite the exercise of reasonable care, the Parties may inadvertently produce privileged or protected communications, documents, or information. Under this Order, the inadvertent disclosure of documents, communications, or information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection does not constitute a waiver of any such privilege or protection.

## 12.   **MISCELLANEOUS PROVISIONS**

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any Party to seek to modify this Order, or to seek any other relief from the Court.

Nothing in this Protective Order shall preclude any Party from asserting in good faith that certain Protected Material requires additional protections. The Parties shall meet and confer to agree upon the terms of such additional protections.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or items on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the information or items covered by this Protective Order.

12.3   <u>Filing Protected Material Under Seal</u>. The Parties will comply with Local Rule 79-5 regarding the filing and use of Protected Material. Consistent with this Order, before filing with the Court any transcript, exhibit, pleading, brief, or other document containing information designated as Protected Material, the Parties will seek approval of the Court for filing such Protected Material under seal. If the Party filing the Protected Material is not the same as the Designating Party, the Party filing the Protected Material must promptly comply with the requirements of Local Rule 79-5.2.2(b).

12.4   <u>Additional Provisions</u>.

(a)   This Protective Order shall continue to be binding after the conclusion of this Action and all subsequent proceedings arising from this Action, except that a Party may seek the written permission of the Designating Party, or may move the Court, for relief from the provisions of this Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after the Action has concluded.

(b)   After this Protective Order has been signed by counsel for the Parties, it shall be presented to the Court for entry. Once fully-executed, and prior to approval by the Court, this Protective Order shall be binding on the Parties and

16

any non-parties from whom either Party seeks the production of documents or information; *provided, however*, that the Parties and any non-parties to which this Protective Order applies shall be bound by any modifications that the Court may make to the Protective Order subsequent to its full execution.

(c)     The Parties and all signatories to the Acknowledgment and Agreement to Be Bound attached hereto as **Exhibit A** agree to be bound by this Protective Order.

(d)     Each of the Parties has cooperated in the drafting and preparation of this Protective Order. The language of this Protective Order shall be construed as a whole according to its fair meaning and not strictly for or against any of the Parties hereto, regardless of the Party's (or Party's counsel's) role in drafting the same.

## 13.     FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Producing Party, each Receiving Party must return to the Producing Party or destroy all Protected Material produced by that Producing Party, including, without limitation, all copies, abstracts, compilations, summaries, images, and other reproduced or captured formats of the Protected Material. Regardless of whether the Protected Material is returned or destroyed, upon written request by the Producing Party, each Receiving Party must submit a written certification to the Producing Party by the 60-day deadline affirming that the Protected Material has been returned or destroyed, and confirming that the Receiving Party has not, to its knowledge, retained any copies, abstracts, compilations, summaries, images, or other reproduced or captured formats of any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain (1) an archival copy of all pleadings and motion papers; trial, deposition, and hearing transcripts; legal memoranda and analyses; correspondence; deposition and trial exhibits; expert

reports; attorney work-product and communications, consultant and expert work-product, and proprietary files and documents, even if such materials contain Protected Material; and (2) any copies of Protected Material created by the routine operation of backup procedures for a Party's or a Party's Counsel's information storage systems. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order, even after the Action has been concluded.

## 14.  <u>VIOLATIONS</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  June 9, 2020             MANATT, PHELPS & PHILLIPS, LLP


By:_____/s/ Emil Petrossian_____
Emil Petrossian
*Attorneys for Defendants*
MARSHMELLO CREATIVE, LLC; THE ARTIST P/K/A MARSHMELLO; JOYTIME COLLECTIVE, LLC; DANIEL CAMPBELL SMITH; STEVEN MCCUTCHEON; MARSHMELLO MUSIC LLC; ROKSTONE MUSIC LIMITED; WWKD LIMITED; KOBALT MUSIC PUBLISHING AMERICA, INC.; and POLYGRAM PUBLISHING, INC.


Dated:  June 9, 2020             KING & BALLOW


By:_____/s/ Richard S. Busch_____
Richard S. Busch
*Attorneys for Plaintiff*
ARTEM STOLIAROV p/k/a ARTY

18

## __LOCAL RULE 5-4.3.4(a)(2)(i) CERTIFICATION__

The filer of this document attests that all other signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

19

**STIPULATED PROTECTIVE ORDER**

## <u>ORDER</u>

For good cause shown, the Court hereby approves and adopts the foregoing Stipulated Protective Order.

**IT IS SO ORDERED.**

Dated:  July 7, 2020

_____

Hon. Jean P. Rosenbluth
United States Magistrate Judge

20

**STIPULATED PROTECTIVE ORDER**

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for

the Central District of California on [date] in the case of _____ [insert

formal name of the case and the number and initials assigned to it by the court]. I

agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt. I solemnly promise that

I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with

the provisions of this Order. I further agree to submit to the jurisdiction of the

United States District Court for the Central District of California for enforcing the

terms of this Stipulated Protective Order, even if such enforcement proceedings

occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.


City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Date: _____

21

---

**STIPULATED PROTECTIVE ORDER**